UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MCI WORLDCOM NETWORK SERVICES, et al.,

                     Plaintiffs,

- against -

PELCRETE CONSTRUCTION, INC.,

                     Defendant.

MEMORANDUM
OPINION AND ORDER

04 Civ. 7378 (MBM) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge**

## I. INTRODUCTION

Plaintiffs, MCI Worldcom Network Services, Inc. ("MCI") and Sprint Communications Company, L.P. ("Sprint"), initiated this action against defendant, Pelcrete Construction, Inc. ("Pelcrete"), on September 15, 2004. In a Report and Recommendation dated February 16, 2006, the Court recommended that MCI and Sprint be awarded damages of $1,421,648.86 and $591,615.88, respectively, for loss of use and repair to MCI's underground fiber-optic telecommunication cables, and be awarded prejudgment and postjudgment interest. On February 23, 2006, MCI and Sprint requested reconsideration of the Court's decision with respect to a conclusion of law and a finding of fact. For the reasons which follow, MCI and Sprint's request for reconsideration is **GRANTED.**

## II. STANDARD FOR RECONSIDERATION

MCI and Sprint may move for reconsideration of the Report and Recommendation on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure. MCI and Sprint must outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if MCI

and Sprint can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

### III. DISCUSSION

In support of its request for reconsideration, MCI and Sprint argued that the Court erred in relying on **Prudential Lines, Inc. v. McAllister Bros.**, 801 F.2d 616, 622 (2d Cir. 1986), finding that a claimant seeking loss of use damages must show that it suffered an actual pecuniary loss as a result of its loss of the use of its property. Although the Court's ruling and reliance on **Prudential** is correct in loss of use cases under federal admiralty law, the Second Circuit has held that under New York state law, a party may recover the reasonable rental value of substitute or replacement property regardless of whether there is proof of actual pecuniary loss. **Kuwait Airways Corp. v. Ogden Allied Aviation Services**, 726 F. Supp. 1389, 1394 (E.D.N.Y. 1989) (citing **Koninklijke Luchtvaart Maatschaapij, N.V. (*K.L.M. Royal Dutch Airlines*) v. United Technologies Corp.**, 610 F.2d 1052, 1055 (2d Cir. 1979)). After a review of the request for reconsideration, the Court finds that MCI and Sprint's argument is persuasive. Although this modification has no impact on the Court's award of damages, the Court will strike the **Prudential** reference and revise the Report and Recommendation accordingly.

MCI and Sprint further request that the Court revise its finding that MCI and Sprint purchased substitute cable from Verizon at the rate of $9.58. In their submission to the Court,

MCI and Sprint relied on the Verizon rate in their calculation; however, MCI and Sprint now argue that they did not actually purchase the substitute cable from Verizon. The Court will amend the Report and Recommendation accordingly. Since, the Court's calculation of the loss of use, based on the cost of renting a substitute capacity, is a proper measure of assessing damages, the award of damages remains the same. The value of substitute replacement property may provide a measure of loss of use damages even though a substitute property is not actually purchased. **Koninklijke**, 610 F.2d at 1056-57; *see also* **Craig Test Boring Co. v. Saudi Arabian Airlines Corp.**, 138 F. Supp. 2d 553, 560-61 (S.D.N.Y. 2001). While the rental value of substitute property may be admitted as evidence of loss of use damages, it is not conclusive and the trier of fact may also consider other evidence of such damages. *See* **MCI Worldcom Network Serv. Inc., v. Glendale Excavation Corp.**, 224 F. Supp. 2d 875, 881 (D. N.J. 2002).

## IV. CONCLUSION

In light of the foregoing, MCI and Sprint's request for reconsideration is **GRANTED** The Court will issue an amended Report and Recommendation modifying its reliance on **Prudential**, and amending its factual finding.

**SO ORDERED this 6th day of March 2006**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**